UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JEREMY MOBLEY, ET AL | CIVIL ACTION NO. 19-cv-0194 |
| VERSUS | CHIEF JUDGE HICKS |
| M C S FINANCIAL GLOBAL INVESTMENTS, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Jeremy and Randy Mobley ("Plaintiffs") filed this civil action against defendants MCS Financial Global Investments, LLC ("MCS"), Bobby McMillian ("McMillian") and Tony Clarkson. McMillian filed a response to the suit titled "Letter Rogatory for Relief under the Hague Convention Title 18 § 1781," which the court construed as an answer to the complaint. Doc. 6. Plaintiffs then filed a Motion to Strike Defendant's Answer. Doc. 8. McMillian's response to the motion to strike, styled as "Motion not to Strike Letter of Rogatory" was construed as a motion to dismiss for lack of subject matter and personal jurisdiction. Doc. 12. For the reasons that follow, it is recommended that the motion to strike (Doc. 8) be granted and the motion to dismiss (Doc. 12) be denied. It is further recommended that another recent filing (Doc. 21) be stricken.

**Facts**

Plaintiffs' complaint alleges that they were victims of a fraudulent scheme perpetrated by Defendants and that, due to the scheme, Plaintiffs were defrauded of $100,000. Plaintiffs contend that the money they wired to a bank account owned by

Defendants was not invested, as promised by Defendants, but instead was converted for Defendants' own use. Doc. 1.

In his answer, titled "Letter Rogatory for Relief under the Hague Convention Title 18 § 1781," McMillian refers to himself as "McMillian, Bobby-Rydell El©." McMillian asserts that he is the executor of a "cestui que trust," although there is no trust at issue in this case. He sets forth outlandish accusations with regard to federal criminal claims and asserts that the court is involved in a conspiracy to "securitize" such claims. He includes various requests, including that this case be closed and that he be placed on a "do not disturb list."

**Motion to Strike Defendant's Answer (Doc. 8)**

Federal Rule of Civil Procedure 12(f) authorizes the court to "order stricken from any pleading any. . . redundant, immaterial, or scandalous material." Motions to strike under Fed. R. Civ. P. 12(f) are not favored, and a pleading should not be stricken unless the allegations are prejudicial or immaterial to the lawsuit. Augustus v. Bd. Of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962); Hoffman v. Bailey, 2017 WL 1969540, *5-6 (E.D. La. 2017). To establish immateriality under Rule 12(f), the movant must show that the challenged allegations can have no possible bearing upon the subject matter of this litigation. Johnson v. Harvey, 1998 WL 596745 (E.D. La. 1998).

In his response to the motion to strike, McMillian suggests that his response to the complaint should be construed as a "Letter of Rogatory" under the Hague Convention. McMillian is not a foreign government or foreign citizen, and the Hague Convention is not applicable in this case. McMillian's allegations are otherwise unintelligible and have no

bearing on this civil action. His claims regarding the court's handling of criminal cases are not relevant. Furthermore, the claim of a nationwide conspiracy to "securitize" federal claims does not belong in the record of this case. Nor are any of McMillian's request for relief cognizable. Federal courts have rejected claims such as the ones presented by McMillian as having no basis in law. Bryant v. Washington Mutual Bank, 524 F. Supp. 2d 753, 758-59 (W.D. Va. 2007); United States v. Williams, 476 F. Supp. 2d 1368, 1372 (M.D. Fla. 2007); United States v. Haines, 2013 WL 3354421 (W.D. Wash. 2013).

**Striking Another Filing**

After the current motions were briefed, McMillian filed a document (Doc. 21) titled Bill of Complaint in Equity Presentment to Void Proceedings and Jurisdiction. The document consists largely of legal gibberish, such as its opening contention that McMillian is "a natural living being of majority status conducting the style condition of The Principal and Beneficial Equitable Title Holder infant/minor hereinafter 'Complainant' and exercising as well as retaining and reserving all rights. . . ." The document refers to such random matters as presidential proclamations regarding the exercise of emergency powers, the meaning of the word minor, discussion of jurisdiction of courts over the estates of infants, and a contention that "I am not the defendant I am the beneficiary the equitable title holder." McMillian prays for an injunction against Plaintiffs and an award of damages for the taking of his property under duress and threat of violence.

This filing, much like the Letter of Rogatory discussed above, has no basis in applicable law and does not allege specific facts that support a claim or defense relevant to

this litigation. The filing is immaterial and irrelevant, with no place in this civil action. It should be stricken pursuant to Rule 12(f).

**Motion to Dismiss**

    **A. Introduction**

In his response to the motion to strike, McMillian asserts three grounds for dismissal: (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, and (3) "no facts." In support of his claim that this court lacks jurisdiction, he states only, "I plead to this district court to hold as is stated this is a common law agreement and should not be in the jurisdiction of the court. . . ."

    **B. Subject Matter Jurisdiction**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of this "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987). Plaintiffs' original petition invoked several federal laws, including the Securities Act of 1933, the Securities Exchange Act of 1934, and the Securities and Exchange Commission Rule 10b-5. Accordingly, this court has federal question jurisdiction.

    **C. Personal Jurisdiction**

The Louisiana long arm statute, which this federal diversity court must apply, extends as far as is permitted by due process. Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction over a defendant comports with due process only if (1) the defendant has purposefully availed himself of the

benefits and protections of Louisiana by establishing "minimum contacts" with Louisiana and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997).

Minimum contacts with Louisiana may arise incident to the federal court's general or specific jurisdiction over the non-resident. General jurisdiction is invoked where the non-resident maintains continuous and systematic contacts with Louisiana. Specific jurisdiction is appropriate only when the nonresident's contacts with Louisiana arise from, or are directly related to, the cause of action asserted by the plaintiff. Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001).

On a pretrial motion such as this one where no evidentiary hearing is held, the uncontroverted allegations in the plaintiff's complaint must be taken as true, and any conflicts between facts contained in the parties' affidavits must be resolved in the plaintiff's favor. Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990). Those facts must create for the plaintiff a prima facie showing of jurisdiction. Travelers Indemnity Co. v. Calvert Fire Ins. Co., 798 F.2d 826, 831 (5th Cir. 1986). If the plaintiff satisfies that minimal standard, he must still prove the jurisdictional facts at trial or through hearing by a preponderance of the evidence before he may obtain relief on the merits against the non-resident. Id.; Felch v. Transportes Lar-Mex, 92 F.3d 320, 326 (5th Cir. 1996).

McMilllian is a citizen of Florida. Doc. 1, ¶ 2. Defendant Tony Clarkson, McMillian's alleged co-conspirator, is a citizen of Louisiana. ¶3. Clarkson met with Plaintiffs in their home in Bossier City, Louisiana, and while there he pitched the

investment opportunity, making false claims, to Plaintiffs on McMillian's behalf.  ¶ 10. Clarkson arranged and facilitated communications between McMillian in Florida and Plaintiffs in Louisiana.  ¶ 14.  In those communications, McMillian directly solicited Plaintiffs' investment.  ¶ 15.  Plaintiffs transferred the investment funds from their bank accounts in Louisiana to McMillians bank account in Riverview, Florida.  ¶¶ 25-26. Through Clarkson, McMillian emailed false spreadsheets purporting to show growth and earnings for the investments.  ¶ 16.  The cause of action arises directly from McMillian's contacts with Plaintiffs in this state.

These allegations show that McMillian established sufficient "minimum contacts" with Louisiana to warrant the exercise of specific personal jurisdiction over him.  Trois v. Apple Tree Auction Center, Inc., 882 F.3d 485 (5th Cir. 2018) (Texas court had specific jurisdiction over Ohio auction center related to fraudulent statements it made during telephone conversations with a collector in Texas); Central Freight Lines, Inc. v. APA Transport Corp., 322 F.3d 376 (5th Cir. 2010) (Texas court had jurisdiction over a company that, during contract negotiations, specifically and deliberately "reached out" to a Texas corporation by telephone and mail with the deliberate aim of entering into a long-standing contractual relationship with the corporation.)  McMillian has not put forth any argument as to why the exercise of personal jurisdiction over him might offend traditional notions of fair play and substantial justice.

### D. "No Facts"

McMillian argues that the complaint should be dismissed for "no facts."  Construed broadly, McMillian's argument may be read as an attempt to dismiss the complaint for

failure to state a claim under Fed. R. Civ. P. 12(b)(6).  In assessing such a motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff.  In re Katrine Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  Cullivier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  The facts alleged, taken as true, must state a claim that is plausible on its face.  Amacker v. Renaissance Asset Mgmt., LLC, 657 F.3d 252, 254 (5th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Plaintiff's complaint meets the standard of facial plausibility.  Plaintiff has set forth detailed factual allegations in 108 paragraphs, including particular dates, names, and amounts.  It is also supported by exhibits.  The allegations, taken as true, describe actionable claims for securities fraud, contract fraud, and other wrongs.

McMillian also characterizes the complaint as a "fraudulent attack" and asserts that Plaintiffs' complaint should be dismissed "[a]s all of the lawyers are acting as private debt collector according to the FDCPA. . ."  This argument is without merit.

Accordingly,

It is recommended that Plaintiff's Motion to Strike (Doc. 8) be granted, and the clerk of court be ordered to strike the Letter Rogatory for Relief under the Hague Convention Title 18 § 1781 from the record of this case. It is further recommended that McMillian's filing titled Bill of Complaint in Equity (Doc. 21) be stricken from the record of this case. It is further recommended that Defendant's Motion to Dismiss (Doc. 12) be denied. If this recommendation is adopted. McMillian should be allowed 10 days to file a proper answer in compliance with FRCP 8.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of May, 2019.

_____
Mark L. Hornsby
U.S. Magistrate Judge